UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>JORGE LUIS OLIVERA,<br>　　　　Defendant. | Case No. 5:11-cr-00355-EJD-22<br><br>**ORDER GRANTING DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE**<br><br>Re: Dkt. No. 978 |

Before the Court is Defendant Jorge Luis Olivera's Amended 28 U.S.C. § 2255 motion to vacate and correct his conviction and sentence. 28 U.S.C. § 2255 Motion to Vacate ("Mot."), Dkt. 978. On July 15, 2020, the Government filed its response to Defendant's motion and requested that the Court resentence Defendant. Government's Response to 2255 and Request for Plenary Re-Sentencing ("Response"), Dkt. 997. Thereafter, on July 30, 2020, Defendant filed his reply. Defendant's Reply to Government's Response to 28 U.S.C. § 2255 Motion to Vacate ("Reply"), Dkt. 1008. For the foregoing reasons, Defendant's motion is **GRANTED**.

**I.　BACKGROUND**

On March 10, 2017, Defendant entered into a plea agreement and pled guilty to two charges: racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1) and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4). *See* Mot. On June 26, 2017, the Court sentenced Defendant to 130 months in custody. *Id.* Pursuant to the sentencing order, Defendant received 70 months for Count 1 and a 60-month mandatory consecutive sentence for Count 4. Dkt. 766. Defendant is currently incarcerated at USP Terre

Haute.

In June 2019, the United States Supreme Court held that 18 U.S.C. § 924(c)'s residual clause (which Defendant was charged and sentenced under) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019). In light of *Davis*, Defendant moves under 28 U.S.C. § 2255 for his conviction and sentence to be vacated, set aside, and corrected.

## II.  LEGAL STANDARD

A federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the court finds that relief is warranted, it must vacate and set aside the judgment and then discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate. *Id.* § 2255(b). A court may retroactively apply a constitutional rule of criminal procedure to a prisoner's conviction and sentence if: (1) it places a class of conduct beyond the authority of the criminal law to proscribe or (2) it announces a watershed rule of criminal procedure. *See United States v. Brown*, 415 F. Supp. 3d 901, 904 (N.D. Cal. 2019).

## III.  DISCUSSION

On June 24, 2019, the United States Supreme Court held that the residual clause—the very statute Defendant was convicted under for Count Four—is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24. The Government does not dispute that *Davis* applies retroactively or that it requires the Court to vacate Defendant's § 924(c) conviction, *i.e.*, Count Four. *See* Response at 5. Accordingly, the Court **GRANTS** Defendant's § 2255 motion and vacates Defendant's § 924(c) conviction and sentence.

The Government instead argues that this Court should resentence Defendant on the remaining count of conviction, *i.e.* Count One. *See id.* But, "the usual remedy is to set aside the counts on which illegal convictions were obtained and to leave untouched the valid convictions." *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999). The court has "wide discretion" to issue whatever remedy it deems "appropriate." *Troiano v. United States*, 918 F.3d 1082, 1086

Case No.: 5:11-cr-00355-EJD-22
ORDER GRANTING DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
2

1  (9th Cir. 2019) (holding that the standard of review for a district court's determination of the
2  appropriate remedy in a § 2255 is abuse of discretion); *United States v. Handa*, 122 F.3d 690, 691
3  (9th Cir. 1997) (Section 2255 confers on district courts "broad and flexible power" to craft an
4  appropriate remedy). Indeed, just recently, this Court declined to hold a resentencing hearing in
5  two comparable cases. *See United States v. Cardenas*, 2019 WL 7020193 (N.D. Cal. Dec. 20,
6  2019); *see also United States v. Cisneros*, 2020 WL 4349825 (N.D. Cal. July 29, 2020). As in
7  *Cardenas* and *Cisneros*, there is no need to hold a resentencing hearing because the Court can
8  easily excise the 18 U.S.C. § 924(c) conviction and sentence, while leaving the 18 U.S.C.
9  § 1962(d) count intact. *See id.* at *2; *see also Brown*, 415 F. Supp. 3d at 907 (declining to hold a
10 resentencing hearing due to the "straightforward nature of correcting [the defendant's] conviction
11 and sentence").

12 The Government uses *Troiano* to argue that when a count is vacated such that it impacts
13 the relevant Guideline range, the district court must engage in resentencing. Response at 5–7. In
14 fact, in *Troiano,* the Ninth Circuit specifically noted that "the decision to unbundle a sentencing
15 package—that is, to conduct a full resentencing on all remaining counts of conviction when one or
16 more counts of a multi-count conviction are undone—rests *within the sound discretion of the*
17 *district court.*" 918 F.3d at 1087 (emphasis added); *see also id.* at 1086–87 ("[T]he decision to
18 restructure a defendant's entire sentence when only one of the counts of conviction is found to be
19 invalid is discretionary and not . . . mandatory."). Indeed, in *Troiano,* "it [was] evident from the
20 record . . . that Troiano's counts of conviction were not actually grouped for sentencing in any
21 material way that might have led the district court, in its discretion, to unbundle them for
22 resentencing." *Id.* at 1087. Hence, nothing in *Troiano* forbids a court (in its discretion) to decline
23 to resentence, so long as the counts of conviction are grouped in such a way that they can be
24 unbundled. *Id.*; *see also id.* at 1088 (noting that removing the sentencing enhancement for the
25 vacated count would not have "any impact on the sentences for the unaffected counts").

Case No.: 5:11-cr-00355-EJD-22
ORDER GRANTING DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
3

Here, it is simple to excise the sentence for Count 4.  Defendant received 70 months for Count 1 and a 60-month mandatory consecutive sentence for Count 4.  Hence, the Court can simply excise the 60-month mandatory sentence for Count 4 and correct Defendant's conviction and sentence without having a resentencing hearing.  *See Brown*, 415 F Supp. 3d at 907.

Moreover, there are good reasons not to resentence Defendant.  USP Terre Haute, where Defendant is incarcerated, has reported COVID-19 cases.  Additional time could subject Defendant to the unnecessary risk of acquiring COVID-19.  Moreover, Defendant has engaged in post-sentence rehabilitation and has disavowed gang membership and thus cannot associate with gang members.  For these reasons, the Court declines to have a resentencing hearing.  As Defendant has already served the 70-month custodial sentence on Count 1, see Dkt. 737 (in custody since January 30, 2014), he must be released forthwith from the custody of the Bureau of Prisons.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's 18 U.S.C. § 924(c) conviction and sentence are vacated.  As he has already completed his sentence for Count One, he must be released forthwith from the custody of the Bureau of Prisons.  Nothing in this Order shall affect the five-year supervised release ordered for Count One.  *See* Judgment, Dkt. 766.  Finally, in light of the ongoing COVID-19 pandemic, Defendant must quarantine himself for 14-days upon release.

**IT IS SO ORDERED.**

Dated: August 3, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cr-00355-EJD-22
ORDER GRANTING DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
4